# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEPHANIE K. MITCHELL,
Appellant,

v.

DEPARTMENT OF VETERANS
  AFFAIRS,
Agency.

DOCKET NUMBER
DC-0752-15-0645-I-1

DATE: May 27, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>M. Jefferson Euchler</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Timothy O'Boyle</u>, Hampton, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman<br>Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency action removing the appellant. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R.  § 1201.115).    After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant was removed from her position as a Certified Nursing Assistant, GS-0621-05, at the Department of Veterans Affairs Medical Center in Richmond, Virginia, on two charges, Patient Abuse and Unauthorized Absence.  Initial Appeal File (IAF), Tab 3 at 10-13, 22.  The appellant worked at the agency's Community Living Center on a care unit that serves patients suffering from such illnesses as dementia, schizophrenia, and Alzheimer's disease.  IAF, Tab 22, Hearing Compact Disc (HCD) (testimony of C.B.).  The sustained charge of Patient Abuse reads as follows:

> On June 28, 2014, at approximately 10:30 a.m., you were witnessed by Patient N[.] in the empty bed next to him.  Patient N[.] told you to get out and you then put your hand over his mouth.  Patient N[.] then bit your finger and, in response, you slapped him in the face.

IAF, Tab 3 at 22.    Patient N.  is schizophrenic and suffers from dementia.  *Id.* at 36.  He is confined to his room and is largely unable to care for himself.  *Id.* at 78; HCD (testimony of appellant).  He is known to be a difficult and, at times, verbally abusive patient, especially towards African American staff members like the appellant, but he has no history of committing acts of violence.  *See, e.g.*, IAF, Tab 3 at 60-61, 74, 79.

¶3    On appeal, the appellant did not assert any affirmative defenses and did not dispute the issue of nexus. IAF, Tab 1 at 3, Tab 13 at 4, Tab 21 at 2. After a hearing, IAF, Tab 21 at 2, Tab 22, the administrative judge issued a decision that sustained the first charge and declined to sustain the second charge, IAF, Tab 25, Initial Decision (ID) at 16-18. The administrative judge further found that the deciding official properly considered all relevant factors and that the penalty imposed for the one sustained charge did not exceed the bounds of reasonableness.[2]  ID at 18‑20.

¶4    The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. She contends on review that the sustained charge "appear[s] to be based on wild accusations of the dementia patient with no corroboration." *Id*. at 6. She asserts that, because no one else was present in the room when the incident occurred, the agency "attempted to prove the case through the hearsay testimony of other employees who relayed a description of what the patient told them." *Id*. at 6-7. She argues that the administrative judge would not have credited direct testimony from the patient because "the origin of the testimony would never be considered credible," and he thus erred in accepting the hearsay testimony. *Id*. at 7-8. She further argues that her own testimony was more credible than that of the patient's because she was a long-term employee with a good record. *Id*. at 6-7.

¶5    The appellant also contends that witness testimony stating that the patient bore slap marks on his face was contradicted by the testimony of the police officer sent to investigate the incident and that the marks did not appear in the pictures he took. *Id.* She asserts that the administrative judge attempted to discredit the police officer's testimony because it did not corroborate that of the agency's other witnesses. *Id.* at 7. She further argues that only one witness,

---

[2] The appellant does not appear to challenge the administrative judge's findings regarding the penalty on review, and we therefore do not address those determinations here.

C.B., the charge nurse for the unit, testified that there appeared to be a hand print on the patient's face and that no other witness confirmed that. *Id.*

¶6 Hearsay evidence may be accepted as preponderant evidence in Board proceedings, even without corroboration, if the circumstances lend it credence. *Kewley v. Department of Health & Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998). An assessment of the probative value of hearsay evidence necessarily depends on the circumstances of the case. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83‑87 (1981). The following factors affect the weight to be accorded hearsay evidence: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) the consistency of the declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for statements can otherwise be found in the agency record; (7) the absence of contradictory evidence; and (8) the credibility of the declarant when he made the statement attributed to him. *Id.* at 87.

¶7 Although the appellant dismisses Patient N.'s statement as the "wild accusations of [a] dementia patient," PFR File, Tab 1 at 6, she points to no specific precedent, Board or otherwise, suggesting that a statement from a dementia patient inherently lacks credibility, nor did the parties reach any stipulation as to Patient N.'s credibility. However, Patient N. was the only witness to the appellant's actions in his room. Applying the considerations set forth above in *Borninkhof*, the administrative judge noted the consistency in the testimony of witnesses who spoke with or observed Patient N. after the incident. ID at 14-15. C.B. and R.H., two nurses who examined Patient N., gave similar testimony regarding his account of events and his condition, including the fact

that his face was redder on one side than the other and that he was distressed, untidy, and covered with feces. HCD (testimony of C.B., R.H.). Another nurse, A.T., noticed that his face was "flush" or "reddish," and an agency police officer, Officer W., stated that the patient's face and neck were "ruddy" or "red," though he noticed no marks or bruising there. HCD (testimony of A.T., Officer W.). The administrative judge also noted that the nurses who examined Patient N. reported that they found him "focused," "lucid," "completely oriented," and "coherent" when he made his statement. ID at 15. The administrative judge explained that most of these individuals cared for Patient N. often and were familiar with his reactions to various staff members. ID at 16. The administrative judge observed that agency witnesses testified that Patient N.'s account of the incident remained consistent throughout the day despite questioning by several agency employees. ID at 15-16. He further observed that the appellant did not introduce any evidence suggesting that these witnesses had any motive to lie or fabricate testimony. ID at 16.

¶8      The administrative judge also found that other circumstantial evidence supported a finding that Patient N.'s account of the incident was plausible. ID at 15. For example, the administrative judge explained that unrefuted testimony established that the appellant arrived late for work that day, looking "sleepy," "tired," "groggy," and somewhat "impaired." *Id.* That testimony was corroborated by the appellant's testimony that she had worked a shift ending at midnight the day before. HCD (testimony of the appellant). The appellant also told her colleagues that she was not feeling well and felt very tired. HCD (testimony of C.B.).

¶9      The administrative judge additionally made extensive demeanor-based credibility findings regarding the testimony of nurses who examined and spoke with Patient N. on the date of the incident. ID at 13-16. He found the nurses' statements to be consistent with each other and with their prior written statements and depositions. ID at 14; *see Hillen v. Department of the Army*, 35 M.S.P.R.

453, 458 (1987) (enumerating factors for the administrative judge to consider in making credibility findings, including prior inconsistent statements and the contradiction or consistency of testimony with other record evidence). Based on witness demeanor, he found their testimony to be "sincere" and "unrehearsed," and he thus adjudged them to be "plausible" witnesses. ID at 14; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). The administrative judge stated that he detected no evidence of bias or motivation to fabricate testimony. ID at 14; *see Hillen*, 35 M.S.P.R. at 458 (holding that the administrative judge should consider the witness's bias or lack of bias).

¶10     By contrast, the administrative judge found Officer W.'s testimony to be less than completely reliable because it was somewhat inconsistent with the written statements he had given earlier, and he appeared to have difficulty recalling certain factual details about the incident, including his own initial assessment of whether the incident rose to the level of criminal assault. ID at 14. The administrative judge found the appellant's version of events to be unreliable and, at times, "nonsensical under the circumstances." ID at 15. He gave as an example of the latter the appellant's testimony that she had come into Patient N.'s room without her cleaning supplies because she first wanted to assess his condition, and, although she recognized that he badly needed a bath and a clean diaper, she first tried to remove dried milk from around his mouth. *Id.* Based on her demeanor, the administrative judge also noted that her testimony "appeared somewhat rehearsed and mechanical." ID at 15 n.28; *see Haebe*, 288 F.3d at 1301. The appellant has not offered any reason for the Board to overturn these credibility assessments, and we likewise have not found any such reason. *See Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004) (holding

that the Board may overturn an administrative judge's demeanor-based credibility determinations when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole).

¶11      Finally, the first *Borninkhof* factor pertains to the availability of the declarant, *Borninkhof*, 5 M.S.P.R. at 87, and neither party here called Patient N. to testify. IAF, Tab 11 at 6-7, Tab 13 at 5. Although the reasons Patient N. was not called may be self-evident from the record, the administrative judge cited two factually similar cases in which the Board gave hearsay evidence from mentally impaired patients less weight than live testimony from appellants. ID at 17. For example, in *Bradley v. Department of Veterans Affairs*, 78 M.S.P.R. 296, 300-02 (1998), the appellant gave strong, unrefuted testimony that was sometimes corroborated by other evidence. On review, the Board found her testimony to be more plausible than that of the declarant.[3] *Id.* We have found no precedent, however, stating that a mentally impaired witness by definition cannot testify credibly. Here, the administrative judge found Patient N.'s account believable based on the credible testimony of agency witnesses coupled with the implausibility of the appellant's account of the incident. ID at 17. We agree with the administrative judge's findings.[4]

¶12      We thus find that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359

---

[3] The administrative judge also cited *Robinson v. Department of Health & Human Services*, 39 M.S.P.R. 110, 112, 115-18 (1988), in which the Board reversed the administrative judge's finding that the hearsay testimony of two mentally incompetent patients was more credible than the appellant's live testimony. ID at 17.

[4] Among other things, the agency's internal investigative report states that, although the appellant's "mental status varies greatly" from day to day, the witnesses who spoke with him after the incident found his account to be credible. IAF, Tab 3 at 36.

(1987). On review, the appellant simply argues with the administrative judge's credibility determinations, though she presents no legitimate argument challenging the initial decision. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133‑34 (1980) (holding that mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board). Accordingly, we affirm the initial decision.

¶13 Based on the foregoing, we affirm the initial decision sustaining the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.